Judge Hacgin
delivered the opinion of the Court.
Elston filed his bill in chancery, in the Henry dr-cuit court, against Bowman, alleging that Bowman had prosecuted to judgment, an action of ejectment against him and others, commenced in Henry and removed to Franklin; that after the recovery commissioners had been appointed to value all the improvements on the land in controversy; that fhey proceeded to value the improvements made by the complainant, to $384; but in making report, the commissioners, by mistake, omitted one item of $236 5.0, for clearing 21 acres ‘and 80^ poles of land; that judgment was accordingly rendered for $14? only; that the mistake was not discovered until the term had elapsed, and he had since applied to the defendant, who refused to allow it, He prays payment of the money, &c.
The defendant answered, controverting the jurisdiction ofthe court, setting forth the inconveniences which he will sustain, and the beneficial provisions of the statute which he will lose, if the prayer be granted, and denying any knowledge of the valuation alleged; and he also demurred.
Decree circuit court,
Decision of the court on the report of ersuntfer^the occupant 3aws,bars the ,as-to allowed by the statute to "a^d"13 lili' ga e ‘
To authorise the chancellor to correct such'report11 and decision, the compl’t least*to show that its having been Before0a.nd at the trial, was not owing to his negligence.
To correct in such mode, an error m occupant for a portion of his improve-th^OTiginal* case was determined in court Ttmust appear by proofs that ment^omit-* te„d were made in a case which astcompl’tm, COmpensation for them.,
*134 The commissioners’ report and the judgment upon ^ are ma(^e exhibits, and depositions of the commissioners have been taken, to prove the mistake.
court decreed payment of the item, deducting subsequent rents, and both parties are dissatisfied.
The proceedings by which a computation and- recov-cry were had for rents, waste and improvements, consequent upon the judgment in ejectment, are unknown to the common law, and founded entirely opon the statutes of our State. These acts certainly contemplate an adjustment of alt claims arising from occupancy, whether they be for improvements, for rents, or for deterioration, in cases embraced by them. It is highly inexpedient, and was not expected by the legislature,, that some- of the items involved should be determined in ^lis proceeding, and others remain for scrutiny in a separate suit in chancery. There should be an end to litigation; and although the chancellor might, and possibly ought not to hold the parties concluded against a]¡ accident or excusing circumstance, yet we suppose *he determination of the court upon the report of the commissioners, should have equal efficacy with a decree or judgment in other modes of suit; and a suit *n chancery 'n the Henry circuit court, to be allowed an item which had been litigated before the jury or the» chancellor, in an appropriate action, in the Franklin c‘rcu't court, and had not been allowed, because forgotten, would certainly be sustained with great hesitation.
Ñor is the fact of surprise very satisfactorily alleged, The ]aw eXpected the presence of the complainant at the valuation of the improvements; it requires a copy of the report to be delivered to the parties at least ten ,jays before the court shall act upon it, that they may have an opportunity oí supervising and excepting, and it is not denied, that the complainant had these ad,vantages. In the present case, too, the account consisted of but three items; the assessment was made about nine months before the judgment in confirmation of it, and much the most important item is omitted. This would seem to be inattention of the most inexcusable kind, and it is in no manner explained, except that the complainant did not discover it. Why ^id he not discover it? Here the bill is silent, and in this, very unsatisfactory.
Bibb, for Bowman; Roberts, for Elston.
But the present being an original bill, in a different court, for a demand not heretofore adjudicated upon, and indeed the former suit constituting no part of this, it was necessary that the complainant should show by what title or authority he made the improvements, How did it happen that he entered, into the land of the defendant, and cleared fields for him? Was it in tue of a distinct claim, or by contract with the defendant, or without colour of title, and by force and in opposition to the will of the defendant? In this the bill gives us no information, and, for this defect, should have been dismissed.
Decree reversed with costs, and the bill to be dismissed with costs,'&c.